1  SEAN REIS (SBN 184044)
   *sreis@edelson.com*
2  EDELSON MCGUIRE, LLP
   30021 Tomas Street, Suite 300
3  Rancho Santa Margarita, California 92688
   Telephone: (949) 459-2124
4  Facsimile: (949) 459-2123

5
   JAY EDELSON*
6  (jedelson@edelson.com)
   RAFEY S. BALABANIAN*
7  (rbalabanian@edelson.com)
   CHRISTOPHER L. DORE*
8  (cdore@edelson.com)
   EDELSON MCGUIRE LLC
9  350 North LaSalle Street, Suite 1300
   Chicago, Illinois 60654
10 Telephone: (312) 589-6370
   Fax: (312) 589-6378
11

12 [additional counsel appearing on signature page]

13 * *Pro hac vice* Application Forthcoming

14 ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS

15
                **UNITED STATES DISTRICT COURT**
16
              **NORTHERN DISTRICT OF CALIFORNIA**
17

18 BRET L. LUSSKIN, JR. individually and on    ) Case No.
   behalf of all others similarly situated,     )
19                                              )
                    Plaintiff,                  ) **CLASS ACTION COMPLAINT**
20                                              )
   v.                                           )
21                                              )
   GOOGLE, INC., a Delaware corporation, and    )
22 SLIDE, INC., a Delaware corporation,          )
                                                )
23              Defendants.                      ) **DEMAND FOR JURY TRIAL**
24

25

26

27

28
   COMPLAINT

## CLASS ACTION COMPLAINT

1.     Plaintiff Bret L. Lusskin, Jr. brings this class action complaint against Defendants Google Inc. and Slide Inc. to stop Defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by their conduct.    Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

2.     Plaintiff Bret L. Lusskin is a natural person and citizen of the State of Florida.

3.     Defendant Google, Inc. is a corporation incorporated and existing under the laws of the State of Delaware with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043.  Google does business throughout the United States, including in the State of California and this District.

4.     Defendant Slide, Inc. is a corporation incorporated and existing under the laws of the State of Delaware with its principal place of business at 301 Brannan St, 6th Floor, San Francisco, California 94107.  Slide is a wholly owned subsidiary of Defendant Google.  Slide does business throughout the United States, including in the State of California and this District.

### JURISDICTION & VENUE

5.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

6.     Venue is proper in this district under 28 U.S.C. § 1391 (a)(1-2) as Defendants reside in this District and a substantial part of the events giving rise to the claims asserted here occurred in this District.

COMPLAINT

## COMMON ALLEGATIONS OF FACT

### A.   Bulk SMS Marketing

7.   In recent years, marketers who have felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk messages cheaply.

8.   Bulk text messaging, or SMS marketing, has emerged as a new and direct method of communicating and soliciting consumer business. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters. An SMS message is a text message call directed to a wireless device through the use of the telephone number assigned to the device.

9.   When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

### B.   Defendants Send Text Messages to Consumers Who Do Not Want Them

10.   The newest evolution of text message marketing has taken the form of "group messaging" applications, such as Defendants' group texting service "Disco," in which a single person or entity is able to create a group and send text messages to dozens of people at once. Likewise, a group texting service allows all the recipients to respond to all other members of the group with a single message.

11.   In or around April 2011, Defendants released a service called Disco, available on the Internet at Disco.com. Defendants Google and Slide worked jointly in developing and designing the Disco service. On information and belief, both employees of Google and Slide participated in and played an integral role in Disco's production and release.

12.   Disco is marketed by Defendants as a "group texting" tool, allowing

COMPLAINT

3

customers to simultaneously send SMS text messages to large groups of people *en masse*, using one common cellular telephone number provided by Defendants.

13.     Using the Disco website or mobile application, a customer signs up, creates a "group," and then adds up to ninety-nine (99) other individuals to that group by entering their full names and cellular telephone numbers.

14.     Defendants do not seek to obtain consent to be part of the group, nor does the group originator need to demonstrate consent, or even agree to gain the consent of the group members.

15.     A consumer's participation in the group is opt-out, meaning that a consumer may be added to and kept in the group without authorization.

16.     Once all group members receive a message, they too can respond to everyone else in the group an unlimited number of times, creating an ongoing "chat room" effect of nearly constant text messages. Because the messages come from an unknown number, and the group creator can easily input a fake name, the resulting chat room can be a chaotic storm of text messages in which people are attempting to figure out what the group is, who the creator is, how they were put in the group, and how to stop it.

17.     The overall result of this software design is that thousands of consumers receive text messages through Defendants' Disco service that they neither consented to nor wanted.

**C.      Defendants Harvest the Phone Numbers Submitted by Group Creators to Promote the Disco Service Through Text Spam**

18.     Additionally, a group text service opens up an opportunity for the company controlling the flow of messages, in this case Defendants, to send wireless spam to the thousands of phone numbers added by consumers who are creating groups for their own individual use.

19.     Defendants are able to harvest all phone numbers added by group creators in

COMPLAINT

4

1 order to independently send their own text message advertisements promoting their service
2 and mobile application.

3    20.    The moment a consumer creates a Disco texting group, but before the group
4 creator actually tries to text anyone in the new group, every member of the group is instantly
5 sent several text messages directly by Defendants.

6    21.    These text messages include specific advertisements for Disco's service and
7 mobile application, and contain a direct link to download the Disco mobile application. For
8 example, a group member may receive a text message in a form similar to the following:

9               Hi [group member], it's [group creator].  Welcome to Disco!
10                  I just added you to "[group name].
11              Reply to join our chat or text *who for roster.
12                      Disco is a group texting service.
13                       Standard SMS rates may apply
14              or chat for FREE w/ our app -- http://disco.com/d
15              More info? Text *help  To quit? Text *leave

16    22.    The group creator is not informed that advertisements or other text messages
17 will be sent by Defendants and cannot control their transmission.

18    **D.    Plaintiff's Experience with Defendants**

19    23.    On or about April 8, 2011, Plaintiff's cell phone rang, indicating that a text
20 call was being received.  The text message stated that it was from the Disco service.

21    24.    The "from" field of such transmission was identified as 302-583-5422. The
22 phone number 302-583-5422 is owned and/or operated by Defendants.

23    25.    At no time did Plaintiff consent to the receipt of text messages from
24 Defendants.

25    26.    Because group members were not familiar with the phone number 302-583-
26 5422, or previously had not had any interaction with the website Disco.com, immediately

27
28

COMPLAINT

1  after receiving the first text message Plaintiff received approximately 105 more text
2  messages through the Disco.com service, all expressing confusion and anger over the
3  unsolicited barrage of messages.

4      27.    The flood of text messages became so overwhelming that it effectively
5  "jammed" Plaintiff's cell phone, rendering it completely inoperable until the flow of
6  messages subsided.

7      28.    By effectuating these unauthorized text message calls, Defendants have
8  caused consumers actual harm. In the present case, because of the nature of group texting, a
9  consumer could be subjected to hundreds of text messages before having an opportunity to
10 opt out.

11     29.    In order to redress these injuries, Plaintiff, on behalf of himself and a class of
12 similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47
13 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to
14 cell phones.

15     30.    On behalf of the Class, Plaintiff seeks an injunction requiring Defendants to
16 cease all wireless spam activities and an award of statutory damages to the class members,
17 together with costs and reasonable attorneys' fees.

18                              **CLASS ACTION ALLEGATIONS**

19     31.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure
20 23(b)(2) and Rule 23(b)(3) on behalf of himself and a Class defined as follows:

21                              **Disco Messages Class**

22         All persons who (1) received a text message directly from the Disco group
23         texting service that was not sent by a Disco group leader or another member
24         of a Disco group; and (2) all persons who opted-out of a Disco texting group
25         within twenty-four hours of receipt of an initiating text message or who was a

26

27

28

1   member of a Disco texting group that was closed within twenty-four hours of

2   its creation.

3       32.    Excluded from the Class are Defendants, their legal representatives, assigns,

4   and successors, and any entity in which Defendants have a controlling interest. Further

5   excluded are Plaintiff's attorneys. Also excluded is the judge to whom this case is assigned

6   and the judge's immediate family, as well as any person who created a Disco group.

7       33.    Upon information and belief, there are tens of thousands of persons in the

8   Class, such that joinder of all members is impracticable.

9       34.    Plaintiff will fairly and adequately represent and protect the interests of the

10  Class members. Plaintiff has retained counsel with substantial experience in prosecuting

11  complex litigation and class actions. Plaintiff and his counsel are committed to vigorously

12  prosecuting this action on behalf of the members of the Class, and have the financial

13  resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the

14  other members of the Class.

15      35.    Absent a class action, most members of the Class would find the cost of

16  litigating their claims to be prohibitive, and will have no effective remedy. The class

17  treatment of common questions of law and fact is also superior to multiple individual actions

18  or piecemeal litigation in that it conserves the resources of the courts and the litigants, and

19  promotes consistency and efficiency of adjudication.

20      36.    Defendants have acted and failed to act on grounds generally applicable to the

21  Plaintiff and the other members of the Class in transmitting the wireless spam at issue,

22  requiring the Court's imposition of uniform relief to ensure compatible standards of conduct

23  toward the members of the Class.

24      37.    The factual and legal bases of Defendants' liability to Plaintiff and to the other

25  members of the Class are the same, resulting in injury to the Plaintiff and to all of the other

26  members of the Class as a result of the transmission of the wireless spam alleged herein.

27

28

COMPLAINT

7

1  Plaintiff and the other Class members have all suffered harm and damages as a result of

2  Defendants' unlawful and wrongful conduct of transmitting wireless spam.

3    38.    There are many questions of law and fact common to the claims of Plaintiff

4  and the other members of the Class, and those questions predominate over any questions that

5  may affect individual members of the Class.  Common questions for the Class include but are

6  not limited to the following:

7          (a)    Does the wireless spam Defendants transmitted violate 47 U.S.C. §

8                 227?

9          (b)    Are the Class members entitled to treble damages based on the

10                willfulness of Defendants' conduct?

11                        **FIRST CAUSE OF ACTION**

12                       **(Violation of 47 U.S.C. § 227)**

13    39.    Plaintiff incorporates by reference the foregoing allegations as if fully set

14  forth herein.

15    40.    Defendants made unsolicited text calls, including the message in paragraphs

16  24 and 31, to the wireless telephone numbers of the Class.  Each such text message call was

17  made using equipment that, upon information and belief, had the capacity to store or produce

18  telephone numbers to be called, using a random or sequential number generator.

19    41.    These text calls were made *en masse* and without the prior express consent of

20  the Plaintiff and the other members of the Class to receive such wireless spam.

21    42.    Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii).  As a result

22  of Defendants' conduct, the members of the Class are each entitled to, under section

23  227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

24    43.    Because Defendants had knowledge that Plaintiff and members of the Class

25  did not consent to the receipt of the aforementioned wireless spam, the Court should,

26  pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages

27

28

COMPLAINT

1    recoverable by the Plaintiff and the other members of the Class.

2         WHEREFORE, Plaintiff Bret L. Lusskin, on behalf of himself and the Class prays for

3    the following relief:

4              1.    An order certifying this case as a class action on behalf of the Class

5                    as defined above; appointing Plaintiff Lusskin as the representative of

6                    the Class; and appointing his counsel as class counsel;

7              2.    An award of actual and statutory damages;

8              3.    An injunction requiring Defendants to cease all wireless spam

9                    activities, and otherwise protecting the interests of the Class;

10             4.    An award of reasonable attorneys' fees and costs; and

11             5.    Such further and other relief the Court deems reasonable and just.

12

13                                    **JURY DEMAND**

14             Plaintiff requests trial by jury of all claims that can be so tried.

15

16

17                                              Respectfully submitted,

18   Dated: May 27, 2011

19
                                         By:
20                                          Sean P. Reis
                                            EDELSON MCGUIRE LLP
21                                          One of the Attorneys for Plaintiff

22   SEAN REIS (SBN 184044)
     sreis@edelson.com
23   EDELSON MCGUIRE, LLP
     30021 Tomas Street, Suite 300
24   Rancho Santa Margarita, California 92688
     Telephone: (949) 459-2124
25   Facsimile: (949) 459-2123

26

27

28
     COMPLAINT

                                          9

JAY EDELSON*
(jedelson@edelson.com)
RAFEY S. BALABANIAN*
(rbalabanian@edelson.com)
CHRISTOPHER L. DORE*
(cdore@edelson.com)
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378

SCOTT D. OWENS*
2000 E. Oakland Park Blvd., Suite 106
Ft. Lauderdale, FL 33306
Telephone: (954) 306-8104
Fax: (954) 337-0666

* *Pro hac vice* Application Forthcoming

COMPLAINT

10