**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE PIMENTAL and JESSICA FRANKLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC., and SLIDE, INC.,<br><br>Defendants. | Case No.: C-11-02585-YGR<br><br>**ORDER DENYING MOTION TO DISMISS** |

Plaintiffs Nicole Pimental and Jessica Franklin assert a single claim for relief, alleging that Defendants Google Inc. and Slide, Inc. ("Defendants") transmitted unsolicited text message advertisements to the Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act of 1991 ("TCPA").

Defendants filed a Motion to Dismiss the Consolidated Class Action Complaint on the grounds that Plaintiffs fail to allege facts that plausibly suggest that Defendants used an automatic telephone dialing system to send the texts, and that the TCPA cannot be constitutionally construed to reach the communications at issue here without violating the First Amendment.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby DENIES the Motion to Dismiss.[1]

**I. BACKGROUND**

Text messaging allows cellular telephone subscribers to send and receive short messages, usually limited to 160 or so characters on their cellular telephones. Consolidated Class Action Complaint ("Complaint") ¶ 8. At issue here is a type of text known as a Short Message Service ("SMS") text, which is a text message call directed to a wireless device through the use of the

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on March 6, 2012, is appropriate for decision without oral argument. Accordingly, the Court VACATES the hearing set for March 6, 2012.

1  telephone number assigned to the device. Complaint ¶ 8.

2       Defendants offer a group texting service known as "Disco," in which an individual is able to
3  create a "group" and thereby send text messages to as many as ninety-nine (99) people at once, using
4  one common cellular telephone number provided by Defendants. *Id.* ¶¶ 11-14. Any person can create
5  a "group" by adding individuals' names and cellular telephone numbers. *Id*. ¶ 14. Authorization is
6  not required to add a consumer to a "group," but a consumer must affirmatively opt-out to stop
7  receiving messages. *Id.* ¶ 15.

8       According to the Complaint, Defendants harvest all phone numbers added by group creators
9  and independently send their own text message advertisements promoting their Disco service and
10  Disco mobile application. *Id*. ¶ 20. The moment a consumer creates a Disco texting group, but before
11  the group creator actually tries to text anyone in the new group, the Defendants send several text
12  messages to every member of the group instantly: "Disco is a group texting service. Standard SMS
13  rates may apply or chat for FREE w/ our app – http://disco.com/d . . ." *Id.* ¶¶ 21, 25, 30. Plaintiffs
14  allege that Defendants' text messages are advertisements for Disco's service and mobile application.
15  *Id.* ¶ 21. Plaintiffs seek to certify a class of all people who received a text message from the
16  Defendants directly from the Disco group texting service.

17  **II.   LEGAL STANDARD**

18       A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the
19  complaint. *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the
20  contents of the complaint, and exhibits attached thereto. *See Hal Roach Studios. Inc. v. Richard
21  Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). All allegations of material fact are
22  taken as true. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). However, legally
23  conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft
24  v. Iqbal*, 556 U.S. 662, __, 129 S.Ct. 1937, 1949-50 (2009). Plaintiff's obligation to provide the
25  grounds of its entitlement to relief "requires more than labels and conclusions, and a formulaic
26  recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S.
27  544, 555, 127 S.Ct. 1955 (2007) (citations and quotations omitted). "[W]here the well-pleaded facts
28

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 558-59).

## III. DISCUSSION

### A. Plaintiffs State a Cause of Action under the TCPA

The Telephone Consumer Protection Act of 1991 ("TCPA") prohibits the use of automatic telephone dialing systems to send text messages to cellular telephones without the called party's "prior express consent." To state a TCPA cause of action, Plaintiffs must allege the following elements: that (1) a "call" was made; (2) using an "automatic telephone dialing system"; (3) the number called was assigned to a cellular telephone service; and (4) the "call" was not made with the "prior express consent" of the receiving party. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1). Defendants challenge only the pleading sufficiency of the second element, arguing that Plaintiffs fail to sufficiently allege the use of an automatic telephone dialing system.

The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator [and] to dial such numbers." 47 U.S.C. § 227(a)(1). The Ninth Circuit has counseled that the focus must be on the equipment's capacity to do these things, not whether the equipment actually stored, produced, or called randomly or sequentially generated telephone numbers. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009). Thus, the issue raised here is whether the allegations raise a reasonable inference that a machine with such capabilities could have been used. Defendants argue they do not.

The Complaint alleges that "Defendants made unsolicited text message calls . . . using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." Complaint ¶ 50. Defendants argue that based upon this allegation, it is not "plausible" that Defendants violated the TCPA by using an ATDS. However, Plaintiffs also allege that the text messages were transmitted "*en masse*, using one common cellular telephone number provided by Defendants." *Id.* ¶¶ 13, 51. Together with the allegation that the Defendants harvested phone numbers, this suggests that the equipment used had the capacity to

store numbers and to dial such numbers. Other judges in this District have found the same amount of information plausibly suggested the use of an ATDS. *See Kazemi v. Payless Shoesource*, Inc., 2010 WL 963225 (N.D. Cal. March 16, 2010). Based on the foregoing, the allegations in the Complaint plausibly suggest that an ATDS was used to send the text messages.

### B. The TCPA and the First Amendment

Defendants next argue that their Disco service's "user-initiated" "informational text messages" are "non-commercial speech" protected by the First Amendment. According to Defendants, the "user-initiated," "informational" Disco messages do not propose a commercial transaction and do not fall within the definitions of solicitation or advertisement regulated by the statute. They urge the Court not to construe the TCPA so broadly as to encompass non-commercial informational messages such as those sent by Disco.

In opposition, Plaintiffs argue that Defendants' "non-commercial speech" argument simply ignores the allegations in the Complaint. Indeed, in the Complaint Plaintiffs allege that Defendants' "spam text calls" are "text message advertisements promoting their service and mobile application." Complaint ¶ 20. "These text messages include specific advertisements for Disco's service and mobile application (the 'Disco Mobile App Text')." *Id.* ¶ 22. These allegations clearly allege that the text messages are commercial. Thus, Defendants' argument that its Disco service sent non-commercial text messages deserving of First Amendment protection disputes the facts, which is unavailing on a 12(b)(6) motion.

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss is DENIED. Within 14 days of the date of this order Defendants shall file an answer.

This Order terminates Docket Number 29.

The Temporary Stay of Discovery, Docket Number 56, is VACATED.

**IT IS SO ORDERED.**

March 2, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**