**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE PIMENTAL and JESSICA FRANKLIN, individually and on behalf of all others similarly situated,<br><br>     *Plaintiffs*,<br><br>  *v.*<br><br>GOOGLE INC., a Delaware corporation, and SLIDE, INC., a Delaware corporation,<br><br>     *Defendants*. | No. 11-cv-02585-YGR<br><br>**[~~PROPOSED~~] PRELIMINARY APPROVAL ORDER**<br><br><br>Honorable Yvonne Gonzales Rogers |

## **[~~PROPOSED~~] PRELIMINARY APPROVAL ORDER**

WHEREAS, a consolidated class action is pending before the Court entitled *Pimental v. Google Inc.,* Case No. 11-cv-02585-YGR;

WHEREAS, Plaintiffs Nicole Pimental and Jessica Franklin and Defendants Google Inc. and Slide, Inc., have entered into a Settlement Agreement dated October 5, 2012, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the terms and conditions set forth therein (the "Settlement Agreement") (Dkt. 84-1); and

WHEREAS, the Court has read and considered the Settlement Agreement and exhibits attached thereto and Plaintiffs' motion for preliminary approval of the Settlement Agreement (Dkt. 84); and this matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises, the Court **GRANTS** the Motion for Preliminary Approval of the Parties' Proposed Class Action Settlement (Dkt. No. 84); **CERTIFIES**

the proposed Settlement Class for settlement purposes only; **APPROVES** the form and content of the notice to the members of the proposed Settlement Class; **APPOINTS** Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel; and **SCHEDULES** a Fairness Hearing in this matter for May 14, 2013 at 2:00 p.m.

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS**:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The Settlement Agreement is hereby **PRELIMINARILY APPROVED** in its entirety subject to the Final Approval Hearing referred to in paragraph 18 of this Order.

3. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is within the range of possible approval and notice should be sent to the Class set forth below. The Court also finds that the Settlement Agreement (a) is the result of arms' length negotiations between experienced class action attorneys assisted by John Bates, Esq. of JAMS; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendants or any other parties.

**Settlement Class Certification**

4. For purposes of settlement only: (a) Jay Edelson, Rafey S. Balabanian, and Christopher L. Dore of Edelson McGuire, LLC are **APPOINTED** Class Counsel for the Settlement Class; and (b) Nicole Pimental and Jessica Franklin are named as Class Representatives. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Ms. Pimental and Ms. Franklin will adequately protect the interest of the class defined below.

5. For purposes of settlement only, the Court **CERTIFIES** the following Class as defined in the Settlement Agreement:

> All Persons who received the Disco Mobile App Text or other text messages sent by or through the Disco Messaging Service informing such Persons about the Disco Messaging Service. Additionally excluded from the Settlement Class are the

following: the Defendants, Class Counsel and Supporting Counsel, the Settlement Administrator, the Mediator, and any respective parent, subsidiary, affiliate or control person of the Defendants or their officers, directors, agents, servants, or employees as of the date of filing of the Action, any judge presiding over the Action, all Person(s) whose claims against the Defendants have been fully and finally adjudicated and/or released, and the immediate family members of any such Person(s).

6.      The Court finds, subject to the Final Approval Hearing referred to in paragraph 18 below, that the Settlement Agreement is within the range of possible approval, and, solely within the context of and for the purposes of settlement only, that the Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that:  the Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class; the claims of the Class Representatives are typical of the claims of the Class members; the Class Representatives will fairly and adequately protect the interests of the Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

7.      Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives and the Class would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

8.      The Court **APPROVES**, as to form, content and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B through E thereto.  The Court finds that such forms of Notice and Notice Plan are the best notice practicable under the circumstances and comply fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the forms of Notice and Notice Plan constitute valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process.  The Court

1  further finds that the forms of Notice and Notice Plan are reasonably calculated to, under all

2  circumstances, reasonably apprise the members of the Settlement Class of the pendency of this

3  action, the terms of the Settlement Agreement, and the right to object to the settlement and to

4  exclude themselves from the Settlement Class.  In addition, the Court finds that no notice other

5  than that specifically identified in the Settlement Agreement is necessary in this Action.  The

6  parties, by agreement, may revise the forms of Notice and Claim Form in ways that are not

7  material, or in ways that are appropriate to update those documents for purposes of accuracy or

8  formatting for publication.

9          9.      The Court **APPROVES** the request for the appointment of Epiq Systems Class

10  Action & Claims Solutions as Settlement Administrator in accordance with the provisions of

11  paragraphs 1.37 and 5.1 through 5.6 of the Settlement Agreement.

12          10.     Pursuant to and in accordance with paragraph 4.2 of the Settlement Agreement, the

13  Settlement Administrator is directed to publish the Notice and Claim Form on the Settlement

14  Website within ten (10) days following the entry of this Order.  No later than five (5) business

15  days after entry of the Preliminary Approval Order, Defendants shall certify that it has prepared an

16  electronic list that includes, to the best of its technical capability, the available cellular telephone

17  numbers belonging to persons falling into the definition of the Settlement Class.  The Settlement

18  Administrator shall perform a "Reverse Telephone Lookup" in an effort to locate the full names

19  and U.S. mailing address associated with each such cellular telephone number.  The Settlement

20  Administrator thereafter shall disseminate direct notice by mailing written notice substantially in

21  the form attached to the Settlement Agreement as Exhibit D.

22          11.     Further, and pursuant to and in accordance with paragraph 4.2 of the Settlement

23  Agreement, the Settlement Administrator shall provide on-line media and print publication in

24  substantially in the form attached to the Settlement Agreement as Exhibits B and C.  The

25  Settlement Administrator shall also distribute the press release provided for in paragraph 4.2(f) of

26  the Settlement Agreement within ten (10) days of the entry of this Order.   The Settlement

27  Administrator shall also maintain the Settlement Website to provide full information about the

28

Settlement and allow for the filing of claims online.  The Notice Date, *i.e.*, the date by which all Notice shall be complete, shall be no later than sixty (60) days after entry of this Order.

12.     Members of the Class who wish to receive benefits under the Settlement Agreement must complete and submit a Claim Form in accordance with the instructions contained therein.  All Claim Forms must be postmarked or received by the Settlement Administrator within 45 days after the date of the entry of the Final Judgment.

**Exclusions**

13.     Members of the Class who wish to exclude themselves from the class may do so if, on or before the Objection/Exclusion Deadline of April 2, 2013, they comply with the exclusion procedures set forth in paragraph 4.5 of the Settlement Agreement and the Notice.

14.     As set forth in paragraph 4.5 of the Settlement Agreement, a member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before April 2, 2013.  In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the cellular phone number that received the Disco Mobile App Text, a signature, the name and number of the case, and a statement that he/she wishes to be excluded from the Settlement Class.  A request to be excluded that does not include all of the foregoing information, or that is sent to an address other than that designated in the Notice, or that is not postmarked on or before April 2, 2013, shall be invalid.  Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Final Judgment; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.  The request for exclusion must be personally signed by the Person requesting exclusion.  So-called "mass" or "class" opt-outs shall not be allowed.

**Objections**

15.     Any member of the Class who has not timely filed a valid request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the

1    Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class

2    Counsel in the amounts specified in the Notice and Settlement Agreement, or to the incentive

3    awards to the Class Representatives as set forth in the Notice and Settlement Agreement.

4    Members of the Class may object on their own, or may do so through separate counsel at their

5    own expense.

6          16.     As set forth in paragraph 4.4 of the Settlement Agreement, any member of the

7    Settlement Class who intends to object to the Settlement Agreement must include his/her name

8    and address, include all arguments, citations, and evidence supporting the objection (including

9    copies of any documents relied on), demonstrate through the submission of proof that he or she is

10   a member of the Settlement Class, provide the cellular phone number that received the Disco

11   Mobile App Text, state under penalty of perjury that he or she received the Disco Mobile App

12   Text and the date on or about which it was received, and provide a statement whether the objector

13   intends to appear at the Final Approval Hearing with or without counsel.  Any member of the

14   Settlement Class who fails to timely file a written objection with the Court and notice of his or her

15   intent to appear at the Final Approval Hearing in accordance with the terms of paragraph 4.4 of the

16   Settlement Agreement, and at the same time provide copies to designated counsel for the Parties,

17   shall not be permitted to object to the Settlement Agreement at the Final Approval Hearing, and

18   shall be foreclosed from seeking any review of the Settlement Agreement by appeal or other

19   means and shall be deemed to have waived his, her or its objections and be forever barred from

20   making any such objections in the Action or any other action or proceeding.

21         17.     Any objection to the Settlement Agreement, and any papers submitted in support of

22   said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before

23   April 2, 2013, the Person making an objection files notice of his or her intention to do so and at

24   the same time (a) files copies of such papers he or she proposes to submit at the Final Approval

25   Hearing with the Clerk of the Court and (b) sends copies of such papers via mail, hand or

26   overnight delivery service to:

27         (1) Class Counsel: Rafey Balabanian, Edelson McGuire, LLC, 350 North LaSalle,

28               Suite 1300, Chicago, IL 60654; and

(2) Defendants' Counsel: Bobbie Wilson, Perkins Coie, Four Embarcadero Center, Suite 2400, San Francisco, California 94111.

**Fairness Hearing**

18.     The Final Approval Hearing shall be held before this Court on **May 14, 2013** at **2:00 p.m.** at the United States Courthouse, 1301 Clay Street, Oakland, California, Courtroom 5 to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of incentive awards to the Class Representatives.  The Court may adjourn the Fairness Hearing without further notice to members of the Settlement Class.

19.     Papers in support of Class Counsel's Fee Award and the Incentive Awards to the Class Representatives shall be filed with the Court on or before March 1, 2013.

20.     Papers in support of final approval of the Settlement Agreement, and any supplementation to the request for the Fee Award and Incentive Award, shall be filed with the Court on or before April 15, 2013.

**Further Matters**

21.     All further proceedings in the Action are ordered **STAYED** until the Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

22.     Members of the Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

23.     As set forth in paragraph 9.3 of the Settlement Agreement, if the Settlement Agreement is terminated or fails to become effective for the reasons set forth in paragraphs 6.1 and 9.1-9.2 of the Settlement Agreement, the Parties shall be restored to their respective positions in the Action as of the date of the signing of the Settlement Agreement.  In such event, any Final Judgment or other order entered by the Court in accordance with the terms of the Settlement

Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if the Settlement Agreement had never been entered into.

This Order Terminates Docket Number 84.

IT IS SO ORDERED.

DATED:  November 30, 2012

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE