# EXHIBIT 1

1
2
3
4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

5
6
7
8
9
10
11
12

NICOLE PIMENTAL and JESSICA
FRANKLIN, individually and on behalf of all
others similarly situated,

        *Plaintiffs*,

        *v.*

GOOGLE INC., a Delaware corporation, and
SLIDE, INC., a Delaware corporation,

        *Defendants*.

Case No. 11-cv-02585-YGR

**[PROPOSED] FINAL JUDGMENT ORDER**

13
14
15
16
17
18

     This matter came before the Court for the Final Approval Hearing set by the Court, as well as Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 103), and Plaintiffs' Motion for Award of Attorneys' Fees, Expenses, and Incentive Awards (Dkt. 101). The Court, having reviewed the papers filed in support of and in opposition to the Motions, heard argument of counsel, and good cause appearing therein, Plaintiffs' Motions are hereby GRANTED and it is hereby ORDERED, ADJUDGED, and DECREED THAT:

19
20

     1.     Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement (Dkt. 84-1).

21
22

     2.     This Court has jurisdiction over the subject matter of this action and over all Parties to the Action, including all Settlement Class Members.

23
24

     3.     On November 30, 2012, this Court granted Preliminarily Approval the Settlement Agreement and certified a Settlement Class consisting of:

25
26
27
28

     All Persons who received the Disco Mobile App Text or other text messages sent by or through the Disco Messaging Service informing such Persons about the Disco Messaging Service. Additionally excluded from the Settlement Class are the following: the Defendants, Class Counsel and Supporting Counsel, the Settlement Administrator, the Mediator, and any respective parent, subsidiary, affiliate or control person of the Defendants or their officers, directors, agents, servants, or employees as of the date of filing of the Action, any judge presiding over the Action,

all Person(s) whose claims against the Defendants have been fully and finally adjudicated and/or released, and the immediate family members of any such Person(s).

4.     Further excluded from the Settlement Classes are those persons who have submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order (specifically, Tina A Marquez, Kevin M Baker, Tesz A Millan).

***Plaintiffs' Motion for Final Approval of Class Action Settlement***

5.     This Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  Specifically, the complex legal and factual posture of this case, and the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator support this finding.  The Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.  Accordingly, the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.  The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth, and shall have the full force of an Order of this Court.

6.     The Court approved Notice Plan to the Settlement Class, as set forth in the Preliminary Approval Order on November 30, 2012, was the best notice practicable under the circumstances, including direct notice, multiple magazine publications, extensive online advertising, and website publication.  The Notice Plan has been successfully implemented and satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process.

7.     The Court finds that the Defendants properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  The Court has reviewed the substance of Defendants' notices and accompanying materials, and finds that they complied with all applicable requirements of CAFA.

8.     Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the action on the merits and with prejudice.

9.      Upon the Effective Date of this Settlement, the Plaintiffs and each and every Settlement Class Member who did not opt out of the Settlement (whether or not such members submit claims); and, to the extent a Settlement Class Member is not an individual, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned's present, former, and future officers, directors, employees, shareholders, attorneys, agents, consultants, independent contractors, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities; and, to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, estates, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them, and any other representatives of any of these Persons and entities, shall be deemed to have released Defendants Google Inc. and Slide, Inc., as well as any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, corporations, officers, directors, other individuals or entities in which any of the Defendants has a controlling interest or which is affiliated with any of them, or any other representatives of any of these Persons and entities, from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including Unknown Claims), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, local, statutory or common law or any other law, rule or regulation, against the

Released Parties, or any of them, arising out of the alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the alleged sending of text messages by or through the Disco Messaging Service, including all claims that were brought or could have been brought in the Action relating to such text messages belonging to any and all Releasing Parties. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendants.

10.     Upon the Effective Date the above release of claims and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members, Releasing Parties, and their heirs, executors and administrators, successors and assigns.  All Settlement Class Members who have not been properly excluded from the Settlement Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on or arising out of the Released Claims.

***Plaintiffs' Motion for Award of Attorneys' Fees, Expenses, and Incentive Awards***

11.     The Court approves the agreed-upon Fee Award to Class Counsel in the amount of $2,000,000, which the Court finds to be fair and reasonable.  The Court finds this amount to be reasonable in that it represents 33% of the $6 million common fund established for the benefit of the Class.  In this Circuit, a 33% fee is a reasonable fee in common fund cases, and therefore is reasonable in light of the relevant factors. The Court additionally finds this amount fair and reasonable based upon a lodestar cross check. Class Counsel provided the Court with sworn declarations supporting a lodestar of $820,612. Specifically, Class Counsel expended 1805.1 hours in investigating, litigating, and resolving this case (not including a reasonable estimation of hours expended following the filing of Class Counsel's Motion for Award of Attorneys' Fees). Additionally, Class Counsel set forth the experience of each attorney working on the case and their corresponding billable rate.  The Court finds the rates charged to be appropriate and reasonable in light of the experience of each attorney and that the hourly rates are in line with comparable market rates.  The Court finds the hours expended to reasonable when compared

with the time and effort put forth by Class Counsel in investigating, litigating, and resolving this case, as well as in light of the results achieved for the Settlement Classes.  Accordingly, the overall lodestar of $820,612, when enhanced by a reasonable multiplier of 2.42, provides a reasonable lodestar cross-check in awarding Class Counsel's Fee Award of $2,000,000.  Class Counsel's total Fee Award is inclusive of $16,996 in costs, which is likewise reasonable based on the sworn declarations submitted.

12.     Defendants shall pay the Fee Award pursuant to and in the manner provided by the terms of the Settlement Agreement.

13.     The Court approves the payment by Defendants of $5,000 to each of the Class Representatives as an incentive award for taking on the risks of litigation and helping achieve the results made available to the Settlement Class.  Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

14.     The Parties shall bear their own costs and attorneys' fees, except as otherwise provided in the Settlement Agreement and this Order.

15.     This Court hereby directs the entry of this Final Judgment based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

16.     This Final Judgment and order of dismissal with prejudice, the Settlement Agreement, the settlement that it reflects, and any and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, or used as an admission by or against Defendants of any fault, wrongdoing, or liability on any Defendants' part, or of the validity of any claim or of the existence or amount of damages.

17.     The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Judgment and do not limit the rights of Settlement Class Members.

18.     Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over, *inter alia*, (a) implementation, enforcement, and administration of the Settlement Agreement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Settlement Agreement; and (c) all Parties hereto, for the purpose of enforcing and administering the Settlement Agreement and the Action until each and every act agreed to be performed by the Parties has been performed pursuant to the Settlement Agreement.

**IT IS SO ORDERED**

DATED this _____ day of _____, 2013

_____
HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT